Appeal from an order of the Supreme Court denying a motion to dismiss a complaint and granting a cross motion for permission to serve notice of an infant’s claim nunc pro tunc and an amended complaint alleging service of such notice on the defendant. Notice of claim of an infant’s cause of action was not served within the time specified by subdivision 1 of section 3813 of the Education Law and section 50-e of the General Municipal Law. The complaint in the action subsequently commenced failed to allege the service of such notice as required by the sections. This was a condition precedent to the commencement of the action and the motion to dismiss the complaint should have been granted without prejudice. Inasmuch as the claimant was an infant, the court has power in its discretion and within certain limitations, to grant leave to serve notices of claim after the expiration of the time specified. Since the action would no longer be in existence and one year not having elapsed since the date of the accident, the conditions permitting the exercise of such discretion have been met and the application for leave to serve the notice of claim may be granted. (General Municipal Law, § 50-e, subd. 5.) Inasmuch as the action has been terminated there is no longer any complaint to be amended and this motion should be denied, leaving it to the plaintiff to commence a new action should he be so advised. The order, insofar as appealed from, is modified, on the law and facts, and as so modified affirmed, without costs to either party, as follows: (1) Defendant’s motion to dismiss the complaint is granted, without prejudice. (2) Plaintiff’s motion for leave to serve notice of the infant’s claim is granted and the defendant is directed to accept service thereof with the same force and effect as if it had been served within the time specified by section 3813 of the Education Law and section 50-e of the General Municipal Law. (3) Plaintiff’s motion for leave to file an amended complaint is denied, without prejudice. Foster, P. J., Heffernan, Brewster, Deyo and Bergan, JJ., concur. [See post, p. 1063.]